**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**WAREHOUSEMEN'S UNION LOCAL 17, INTERNATIONAL LONGSHORE-MEN'S & WAREHOUSEMEN'S UNION, Respondent.**

**No. 23345.**

United States Court of Appeals, Ninth Circuit.

Dec. 1, 1971.

Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, N.L.R.B., Washington, D. C., Roy O. Hoffman, Director, NLRB, San Francisco, Cal., for petitioner.

Norman Leonard, of Gladstein, Leonard, Patsey & Andersen, San Francisco, Cal., for respondent.

Before ELY and WRIGHT, Circuit Judges, and GOODWIN, District Judge.*

ALFRED T. GOODWIN, District Judge:

The National Labor Relations Board seeks a decree enforcing its order of May 26, 1970, 182 NLRB No. 120, against Warehousemen's Local 17, International Longshoremen's & Warehousemen's Union (ILWU).

Substantial evidence supports the board's determination that the union violated Section 8(b) (3) of the National Labor Relations Act, as amended 29 U. S.C. § 151 et seq. The union refused to sign a contract which embodied a previous agreement, and attempted, instead, to force the Los Angeles Products Company to sign a different contract. The principal question concerns the scope of the board's remedy.

After the expiration of a prior collective bargaining contract and during a subsequent strike, the chief negotiator for the company proposed to the union's representative that the expired agreement be adopted with twelve specified modifications. The union representative accepted this proposal, and the local union members ratified it and returned to work. Seven weeks later, the union's representative refused to sign a draft of the agreement, and demanded reopening of collective bargaining.

On June 13, 1968, the board ordered the union to execute and abide by the agreement. 171 NLRB No. 166. The union refused.

On November 4, 1968, during the pendency of the board's enforcement order before this court and after the em-

Thomas Silfen (argued), Ronald I. Tish, Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen.

* The Honorable Alfred T. Goodwin, District Judge for the District of Oregon, sitting by designation.

ployees had again been on strike for nearly two months, the parties entered into a new collective bargaining agreement. We remanded the case to the board for a new hearing.

After the remand, the board, in agreement with the trial examiner, found that the union had been in continuous violation of the board's order of June 13, 1968, and of the Act by resorting to an unlawful strike.

The board ordered the union to cease and desist from its refusal to execute or honor the original contract, and to rescind the second contract, which it found to be the product of an illegal strike. The order also required the local to make the company whole for any financial expenditures made pursuant to the latter agreement which would not have been incurred under the former agreement, and to post appropriate notices.

The union argues that it was free to require further negotiations because of a mutual misunderstanding due, at least in part, to the absence of a written draft of the original contract. The trial examiner found, however, that no mutual misunderstanding occurred. He found, rather, that a comprehensive agreement was reached and its terms embodied in the contract tendered by the company on August 11, 1967. There was substantial evidence to support this finding.

■ It has long been established that the statutory duty to bargain in good faith includes the duty to execute a memorandum fairly incorporating the terms of an oral agreement. H. J. Heinz Co. v. National Labor Relations Board, 311 U.S. 514, 526, 61 S.Ct. 320, 85 L.Ed. 309 (1941); Lozano Enterprises v. N.L.R.B., 327 F.2d 814 (9th Cir. 1964).

■ The union also argues that the second contract was voluntarily made. Thus, the union argues, the board has no power to order a compensatory remedy based upon a refusal to bargain. On remand, however, the board found that the new contract was not a product of voluntary collective bargaining. There was substantial evidence to support this finding. The only question before this court is whether the board's remedy exceeds the powers conferred upon the board by Congress. We affirm.

Section 10(c) of the Act empowers the board, upon a finding that an unfair labor practice has been committed, to issue "an order requiring such person to cease and desist from such unfair labor practice, and to take such affirmative action * * * as will effectuate the policies of this subchapter." 61 Stat. 147, 29 U.S.C. § 160(c). That section "charges the Board with the task of devising remedies to effectuate the policies of the Act * * *. In fashioning remedies to undo the effect of violations of the Act, the Board must draw on enlightment gained from experience * * *." National Labor Relations Board v. Seven-Up Bottling Co., 344 U.S. 344, 346, 73 S.Ct. 287, 289, 97 L.Ed. 377 (1953).

In Phelps Dodge Corp. v. National Labor Relations Board, 313 U.S. 177, 194, 61 S.Ct. 845, 852, 85 L.Ed. 1271 (1941), the Court said:

"* * * [I]n the nature of things Congress could not catalogue all the devices and stratagems for circumventing the policies of the Act. Nor could it define the whole gamut of remedies to effectuate these policies in an infinite variety of specific situations. Congress met these difficulties by leaving the adaptation of means to end to the empiric process of administration * * *.

"* * * [The Act] entrusts to an expert agency the maintenance and promotion of industrial peace * * *."

■ The board's order will not be disturbed "unless it can be shown that the order is a patent attempt to achieve ends other than those which can fairly be said to effectuate the policies of the Act * * *." Virginia Electric and Power

Co. v. National Labor Relations Board, 319 U.S. 533, 540, 63 S.Ct. 1214, 1218, 87 L.Ed. 1568 (1943). Such a showing has not been made in this case.

In N.L.R.B. v. Strong, 393 U.S. 357, 89 S.Ct. 541, 21 L.Ed.2d 546 (1969), the board's authority to order a compensatory remedy in a refusal-to-bargain situation was made quite clear.

> "Here the unfair labor practice was the failure of the employer to sign and acknowledge the existence of a collective bargaining agreement which had been negotiated and concluded on his behalf * * *." 393 U.S. at 359, 89 S.Ct. at 543.

> " * * * The Board is not trespassing on forbidden territory when it inquires whether negotiations have produced a bargain which the employer has refused to sign and honor * * *. To this extent the collective contract is the Board's affair, and an effective remedy for refusal to sign is its proper business * * *." 393 U.S. at 361, 89 S.Ct. at 545.

> " * * * The remedy ordered by the Board included a direction to pay the fringe benefits which would have been paid had the employer signed the agreement and thereby recognized his legal obligations which had matured during the collective bargaining process. This is no more than the Act and cases like *Phelps Dodge* plainly authorize." 393 U.S. at 359–360, 89 S.Ct. at 544.

See N.L.R.B. v. Hyde, 339 F.2d 568, 572 (9th Cir. 1964).

■ On the power to order unions to make employers whole by requiring a compensatory remedy where an unfair labor practice has been committed, the board in *Carpenters, Local 964*, 74 L.R.R.M. 1081 said:

> " * * * The Board has consistently ordered such reimbursement where, as here, a union unlawfully imposed upon employers a contract containing an industry advancement fund and required employers to make payments into such fund. Local 80, Sheet Metal Workers International Association, AFL–CIO, et al. (Turner-Brooks, Inc.), 161 NLRB 229, 233, 237–238, 63 LRRM 1261; Southern California Pipe Trades District Council No. 16 of the United Association (Aero Plumbing Co.), 167 NLRB No. 143, 66 LRRM 1233; Operative Plasterers' & Cement Masons' International Association Local #2, AFL–CIO (Arnold M. Hansen), et al., 149 NLRB 1264, 1267, 1269, 57 LRRM 1448; United Slate, Tile & Composition Roofers, Damp & Waterproof Workers Association, Local No. 36 (Roofing Contractors Association of Southern California, Inc., etc.), 172 NLRB No. 249, 69 LRRM 1300 * * *." 74 LRRM at 1085.

The same rationale for imposing a compensatory remedy applies here. If a party who unlawfully refuses to bargain is permitted to retain the fruits of unlawful action, the Act is rendered meaningless, and defiance of the board's orders is encouraged.

It is consistent with the purposes of the Act that both parties abstain from coercive self-help actions during the short time it takes to obtain court review of a board order. The board's order awarding compensatory damages to the company was a reasonable exercise of the board's Section 10(c) power to make whole the victim of an unfair labor practice.

The order of the board is affirmed. Enforcement is granted.